IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEWANNA ANN COPELAND | ) |
| | ) |
| v. | ) No. 3:16-0693 |
| | ) |
| NANCY A. BERRYHILL | ) |
|   Acting Commissioner of Social Security[1] | ) |

To:    The Honorable Aleta A. Trauger, District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Supplemental Security Income ("SSI") as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 17), to which Defendant has responded. Docket Entry No. 21.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket Entry No. 17) be **DENIED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed an application for SSI on February 17, 2010. *See* Transcript of the Administrative Record (Docket Entry No. 12) at 138-39.[2] She alleged a disability onset date of February 8, 2010. AR 138-39.[3] Plaintiff alleged that she was unable to work because of head and neck cancer, dizziness, stomach problems, high blood pressure, eye problems, and a mental disorder. AR 162.[4]

Plaintiff's applications were denied initially and upon reconsideration. AR 138-39. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Renee S. Andrews-Turner on June 25, 2012. AR 98. On September 5, 2012, the ALJ granted the claim. AR 140-42. However, on April 29, 2013, the Appeals Council found that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration. AR 151-54.

Following remand, Plaintiff appeared with counsel for an additional hearing before the ALJ on December 16, 2013. AR 64. The ALJ held a supplemental hearing on September 12, 2014 following an additional examination of Plaintiff. AR 36, 97. On October 28, 2014, the ALJ denied Plaintiff's claim. AR 6-8. The Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] Plaintiff appears to have filed an earlier application for Disability Insurance Benefits ("DIB") and SSI on November 14, 2008 in which she alleged an onset date of June 30, 2005. AR 136-37.

[4] Defendant additionally found evidence that Plaintiff suffers from degenerative disc disease, scoliosis, and chronic obstructive pulmonary disease/asthma. AR 162.

Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on October 28, 2014. AR 6-8. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since February 17, 2010, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: status post stroke, hypertension, and organic mental disorder (416.920(c)).

***

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

***

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently claim ramp/stairs balance, stoop, kneel, crouch, and crawl; occasionally climb ladder/rope/scaffolds; should avoid concentrated exposure to extreme cold, noise, and hazards; can understand, remember, and carry out simple and detailed instructions; and maintain concentration, pace and persistence for 2 hours at a time during an 8-hour workday.

***

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

***

6. The claimant, born on December 3, 1964, was 45 years old, which is defined as a younger individual age 18-49, on the date the application was protectively filed (20 CFR 416.963).

7. The claimant has a limited (10th grade) education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\*\*\*

10. The claimant has not been under a "disability," as defined in the Social Security Act since February 17, 2010, the date the application was protectively filed (20 CFR 416.920(g)).

AR 12-27.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*,

609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R.

§§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must

come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform medium work with other express limitations to account for her severe impairments,

and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 12-27.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly consider all of her severe impairments; (2) ignoring limitations recommended by consultative examiners; and (3) failing to include a function-by-function assessment in the RFC. DE 18 at 1. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by a new ALJ. *Id.* at 13.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

**1. Severe impairments.**

As part of the ALJ's initial "fully favorable" decision issued on September 5, 2012, the ALJ found that Plaintiff's severe impairments included "residual effects status post strokes," "history of throat cancer," and hypertension. AR 140, 146. On remand, however, the ALJ

determined that Plaintiff's severe impairments included "status post stroke," hypertension, and organic mental disorder. AR 12. Plaintiff contends that the ALJ erred by failing to conclude that "residual effects status post strokes" and "history of throat cancer" constitute severe impairments in the latter decision.

Plaintiff's argument is unpersuasive in light of her failure to identify any medical evidence or otherwise provide any substantive support for her position. Plaintiff's only attempt at convincing the undersigned that the ALJ's decision is not supported by substantial evidence includes an uncited contention that it was error for the ALJ to include these two conditions as severe impairments in the initial decision and determine that these conditions were not severe in the latter decision. DE 18 at 5-6. Plaintiff states solely that "there has been zero improvement in either condition." *Id*. at 6.

Contrary to this assertion, however, the Appeals Council reversed and remanded the ALJ's initial decision that "history of throat cancer" constituted a severe impairment specifically because there was improvement in her condition. *See* AR 153 ("[T]he record reflects that the claimant had no significant problems caused by her history of throat cancer and that it has been in continued remission."). Indeed, Plaintiff's treating oncologist noted "continued remission" in February of 2011 (AR 922), and a year later opined that Plaintiff "is likely disease-free." AR 920. Plaintiff cites no evidence that contradicts such findings.

Plaintiff correctly notes that an impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862 (citing *Farris*, 773 F.2d at 90). Yet Plaintiff points to no evidence indicating that her previously treated cancer currently affects her ability to work in any way. Plaintiff instead states that she continues to be "receive monitoring and testing" (DE 18 at

10

5-6), a condition that, while garnering the Court's sincerest sympathies, does not establish the existence of a severe impairment. As noted by the *Higgs* court, "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition." 880 F.2d at 863. *See also Long v. Apfel*, 1 F. App'x 326, 332 (6th Cir. 2001) (affirming ALJ's finding that obesity did not represent a severe impairment based on the lack of indication from any treating physician that obesity resulted in work-impairing limitations).

Plaintiff's additional argument that the ALJ somehow committed reversible error by finding that "residual effects status post strokes" represented a severe impairment in the initial determination and subsequently labeling the condition "status post strokes" in the second decision is both unpersuasive and disingenuous. The ALJ discussed Plaintiff's history of strokes at length in the most recent opinion, including all of the opinion evidence regarding the functional limitations caused by her prior strokes. AR 14-16, 19-23. There appears to be no substantive difference between the functional limitations caused by "residual effects status post strokes" and those caused by "status post strokes." Plaintiff therefore argues that the ALJ's decision should be reversed merely because she failed to include consistent phrasing with respect to the same condition in the second opinion. This argument of semantics is unavailing.

Plaintiff also claims that the ALJ erred by "failing to give sufficient reasons" for finding that memory loss, MRSA, headaches, peripheral vascular disease, trigger thumb, and right carpal tunnel do not represent severe impairments (DE 18 at 6), an argument that is similarly unpersuasive. Plaintiff does nothing more than confirm that these conditions "were diagnosed" and included in the record without explaining how these conditions cause any functional limitations. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability

is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted).

Finally, it is well-established that if one of the claimant's impairments is found to be severe in nature, the claim survives the *de minimis* screening process and proceeds to the next step in the five-step evaluation. 20 C.F.R. § 404.1520(a)(4). *See also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) ("[B]ecause the ALJ found that [the claimant] has some severe impairments, he proceeded to complete steps three through five of the analysis. It then became 'legally irrelevant' that her other impairments were determined to be not severe.") (citing *Higgs*, 880 F.2d at 862). The ALJ in the instant matter determined that three of Plaintiff's impairments were severe while concluding that her additional conditions were not severe before proceeding to the next step of the evaluation process. AR 16-25. The Sixth Circuit has made clear that such action does not represent reversible error. *See Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987) ("Since the [Commissioner] properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the [Commissioner's] failure to find that claimant's cervical condition constituted a severe impairment could not constitute reversible error."). This assertion of error is therefore rejected.

### 2. Consultative examiner's opinion.

Plaintiff next alleges that the ALJ "clearly used a double standard" when she assigned greater weight to the opinions of non-examining physicians than to the opinions provided by treating and examining physicians. DE 18 at 7. Plaintiff then recounts the ALJ's discussion of the evaluations completed by 14 different medical sources in the record before concluding that the ALJ's analysis "should be called into question" because of her failure to "provide []

sufficient reasons" for favoring the opinions of non-examining physicians over treating and examining physicians. *Id*. at 10-11.[5]

The Court first notes that Plaintiff's contention that the ALJ "clearly" demonstrated bias in favor of non-examining physicians is flimsy in light of the ALJ's decision to accord "great weight" to the opinions of five different examining physicians,[6] while giving great weight to just three non-examining physicians' opinions. AR 22-25. Moreover, Plaintiff's brief confusingly includes a passing assertion that the ALJ provided an "unacceptable" basis for rejecting the opinion of the treating physician, Dr. James Anderson, and a declaration that "a proper discussion and review of Dr. Anderson's opinion is imperative," yet Plaintiff includes no discussion of the treating physician rule or any argument as to how the rule was allegedly violated.[7] DE 18 at 7-8. Therefore, to the extent that Plaintiff alleges a violation of the treating physician rule, the Court finds that any such argument is waived. *See Arellano v. Comm'r of Soc. Sec.*, No. 1:11-cv-804, 2012 WL 4038436, at *4 (W.D. Mich. Sept. 13, 2012) ("Issues raised in a perfunctory manner are deemed waived.") (citing *Clemente v. Vaslo,* 679 F.3d 482, 497 (6th Cir. 2012)); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e

---

[5] Plaintiff's brief actually states that the ALJ "provided no sufficient reasons [sic] for more closely scrutinizing the opinions of treating physicians and examining physicians than she did *treating* physician opinions." DE 18 at 10-11 (emphasis added). Because this statement does not follow logic, the Court assumes that Plaintiff intended to argue that the ALJ more closely scrutinized the opinions of treating and examining physicians than those provided by *non*-examining physicians.

[6] The ALJ accorded great weight to portions of the opinions of three examining physicians, while also giving little weight to other portions of the same opinions. AR 23, 25.

[7] The treating physician rule states as follows: "When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2).

decline to formulate arguments on [the claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record[.]").

Even if not waived, the Court finds no violation of the treating physician rule, as Dr. Anderson did not provide an actual "medical opinion"[8] that would be subject to the treating physician rule, but instead provided a conclusory opinion that Plaintiff "is unable to obtain work due to her medical history." AR 837. The ALJ appropriately rejected this statement based on the well-settled principle that such a decision regarding disability is one made by the ALJ, not the treating physician. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."); *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 475 (6th Cir. 2008) ("[T]he ultimate determination of disability is a matter reserved to the Commissioner.").

Plaintiff's argument, while meandering and lacking focus, appears to emphasize the ALJ's alleged failure to incorporate all of the limitations recommended by various examining providers into the RFC. Specifically, Plaintiff faults the ALJ for failing to adopt all of the limitations recommended in the opinions of Dr. Woodrow Wilson, Dr. Dorothy Lambert, Dr. Terrence Leveck, and Dr. Janice Martin, all of whom completed consultative examinations of Plaintiff, despite the ALJ having accorded "great weight" to such opinions. With respect to the latter three opinions, Plaintiff makes no attempt to provide a substantive argument or reference any evidence that might support her position, instead opting to claim baldly that the ALJ "picked

---

[8] A "medical opinion" is a statement from an acceptable medical source "that reflect[s] judgments about the nature and severity of your impairment(s), *including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions*." 20 C.F.R. § 404.1527(a)(1) (emphasis added).

14

and chose" which limitations to adopt from the various opinions. DE 18 at 9-10. The Court again finds that such woefully undeveloped arguments are waived. *See Markel v. Comm'r of Soc. Sec.*, No. 13-11196, 2013 WL 5854467, at *3 (E.D. Mich. Oct. 30, 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997)).

Furthermore, and contrary to Plaintiff's argument otherwise, the ALJ is not required to adopt all of the limitations recommended by a source simply because that source's opinion has been accorded significant weight. *See Bennett v. Colvin*, No. 3:13-cv-1176, 2015 WL 153950, at *13 (M.D. Tenn. Jan. 12, 2015) ("[A]n ALJ who accords 'great weight' to an opinion is not required to adopt that opinion wholesale."); *Matejka v. Comm'r of Soc. Sec.*, No. 1:13-cv-1933, 2014 WL 3197437, at *13 (N.D. Ohio July 8, 2014) ("Even when an ALJ accords 'significant weight' to a medical opinion, the ALJ is not required to adopt every opinion expressed by the medical expert."). The sound policy behind this principle is that the ALJ, and not a medical provider, is charged with formulating the RFC. *See Moore v. Comm'r of Soc. Sec.*, No. 1:13-cv-00395, 2013 WL 6283681, at *7 (N.D. Ohio Dec. 4, 2013) ("[T]he fact that [the ALJ] gave 'great weight' to [the consultative examiner's] opinion does not mean that he was required to adopt it wholesale [as] [t]he issue of RFC is reserved to the Commissioner ....") (internal citation omitted). Such action only becomes error when the ALJ fails to explain the basis for her decision to adopt some, but not all, of the limitations recommended by a medical source whose opinion is viewed favorably. *Cf. Moore v. Colvin*, No. 2:14-cv-455, 2015 WL 5675805, at *7 (S.D. Ohio Sept. 28, 2015) (finding that the ALJ's RFC determination was not supported by substantial

evidence when the ALJ granted significant weight to a medical opinion "but then fail[ed], *without explanation*, to incorporate those limitations" into the RFC) (emphasis added).

Here, the ALJ provided a detailed discussion of her assessment of Dr. Wilson's opinion, including her decision to reject some of Dr. Wilson's proposed limitations based on a lack of evidence. AR 23. Plaintiff claims that "[r]ecords and testimony clearly show that she is unable to sit, stand, or walk for long periods" (DE 18 at 8), yet fails to cite any such records. The Court also highlights the mild findings from Dr. Wilson's evaluation that appear to undermine his opinion that Plaintiff is severely limited in her ability to stand, sit, and walk, including his finding that Plaintiff demonstrated no problems sitting or getting up from a chair, a "normal gait with good cadence," the ability to tandem walk without difficulty, the ability to stand on her toes and the back of her heels without difficulty, a full range of motion in her hips, knees, and ankles, a negative straight leg raise test, and a negative Romberg's test. AR 1041-42. *See Martin v. Comm'r of Soc. Sec.*, 658 F. App'x 255, 258 (6th Cir. 2016) (affirming ALJ's rejection of treating source's opinion based on internal inconsistency). Such mild findings were corroborated during Dr. Leveck's subsequent consultative examination, during which Plaintiff demonstrated normal strength in her ankles and knees, a normal range of motion of the cervical spine, and normal station and gait, all of which tend to support the ALJ's allocation of weight.[9]

Plaintiff additionally argues that the ALJ improperly gave great weight to the opinion of Dr. Janet Telford-Tyler, a psychological medical expert who testified during the most recent administrative hearing, because Dr. Telford-Tyler "never met, much less examined the Plaintiff."

---

[9] As discussed *supra*, Plaintiff makes only a passing reference to the opinion of Dr. Leveck in arguing that the ALJ improperly discounted this opinion. *See* DE 18 at 9. Plaintiff's endorsement of this opinion appears to be less than genuine, however, in light of Dr. Leveck's ultimate determination that Plaintiff had no limitations whatsoever pertaining to sitting, standing, and walking. AR 1120.

DE 18 at 10. This argument is wholly unconvincing, as it is well-settled law that a non-examining physician's opinion may be accorded greater weight than one provided by a treating or examining physician. *See, e.g., Brooks v. Comm'r of Soc. Sec.,* 531 F. App'x. 636, 642 (6th Cir. 2013) ("[O]pinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources.") (quoting SSR 96-6p, 1996 WL 374180, at *3); *Benson v. Colvin*, No. 7:13-022, 2014 WL 3919577, at *9 (E.D. Ky. Aug. 11, 2014) ("[I]t is not a *per se* error to give more weight to the opinion of a non-examining physician than that given to an examining or treating physician's opinion."). If controlling weight is not accorded to a treating physician's opinion, as is the case here, all medical opinions must be weighed using the same relevant regulatory factors. *See Kester v. Astrue*, No. 3:07-cv-00423, 2009 WL 275438, at *10 (S.D. Ohio Feb. 3, 2009) ("[I]n the absence of an opinion that deserves controlling weight, all medical source opinions, including the opinions of one-time examining physicians and record-reviewing physicians and *medical experts who testify during administrative hearings* must be weighed under the regulatory factors, including supportability, consistency, and specialization.") (citing 20 C.F.R. § 404.1527(d), (f)) (emphasis added).

The ALJ provided ample discussion of the evidence supporting Dr. Telford-Tyler's testimony (AR 25), none of which is addressed in Plaintiff's brief. Plaintiff instead claims without citation to any authority that the ALJ should not have elevated this opinion because "Dr. [Telford-]Tyler is not an expert when it comes to stroke victims" (DE 18 at 10), a condition that is not required when evaluating a claimant's alleged mental impairments. *Cf. Moore v. Astrue*, No. 07-115, 2008 WL 4400685, at *5 (E.D. Ky. Sept. 23, 2008) ("The regulations merely provide that a specialist is entitled to greater weight, not that a family practitioner is unqualified

to offer an opinion regarding mental health issues."). The Court also notes that counsel for Plaintiff clearly stipulated during the hearing that Dr. Telford-Tyler was qualified to testify as to Plaintiff's mental health. AR 41. Plaintiff cannot now argue that Dr. Telford-Tyler was unqualified simply because she provided testimony that was unfavorable to Plaintiff.

Finally, the Court acknowledges that the ALJ failed to explicitly assign weight to the opinion of Dr. Thelma Foley, who provided a psychological examination on July 14, 2010. AR 778. Despite Plaintiff's cursory suggestion that such a failure necessitates reversal of the ALJ's decision, the Court finds that this error is harmless based on Plaintiff's failure to identify any restrictions in Dr. Foley's opinion that would have changed the resolution of this case. *See Kidd v. Colvin*, No. 1:13-cv-2224, 2014 WL 7238347, at *8 (N.D. Ohio Dec. 17, 2014) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.") (quoting *Shkabari v. Gonzales,* 427 F.3d 324, 328 (6th Cir. 2005 )). Moreover, and significantly, Plaintiff's alleged concern with the lack of weight assigned to Dr. Foley's opinion is disingenuous in light of Dr. Foley's determination that Plaintiff was not subject to *any* mental limitations as a result of her condition, nor did she identify any actual mental impairment. *See* AR 778-80. This assertion of error is thus rejected.

### 3. RFC.

Plaintiff finally contends that the ALJ violated SSR 96-8p by failing to include a function-by-function analysis in the assigned RFC. DE 18 at 12. Plaintiff claims that the ALJ "failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which are well-documented in the record." *Id*.

Plaintiff is correct that SSR 96-8p requires that each exertional activity, including sitting, standing, walking, lifting, carrying, pushing, and pulling, must be considered separately even if the ascribed RFC ultimately combines some of these activities. 1996 WL 374184, *3 (July 2, 1996). However, this does not "impose a formalistic requirement" that the ALJ expressly discuss a claimant's ability to perform the specified level of activity. *Grandstaff v. Comm'r of Soc. Sec.*, No. 16-12724, 2017 WL 4251734, at *12 (E.D. Mich. Sept. 26, 2017) (citing *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002)). Indeed, the ALJ is not required to produce a detailed function-by-function analysis in writing because there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Delgado*, 30 F. App'x at 547-48. *See also Al-Khalili v. Astrue*, No. 3:12-cv-0347, 2013 WL 4500326, at *10 (M.D. Tenn. Aug. 20, 2013), *report and recommendation adopted sub nom.*, 2015 WL 509980 (M.D. Tenn. Feb. 6, 2015) ("[The Sixth Circuit] does not require a step-by-step narrative of a claimant's functional limitations."). The ALJ must instead "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Mathis-Caldwell v. Comm'r of Soc. Sec.*, No. 1:15-532, 2016 WL 2731021, at *5 (W.D. Mich. May 11, 2016) (internal citation omitted).

Plaintiff provides no evidence that the ALJ failed to fulfill this duty and fails to identify any functional limitations that were improperly omitted from the RFC. The ALJ discussed in detail how the evidence of record supported the assigned RFC, including her reasons for accepting or rejecting the numerous medical opinions contained in the record (AR 13-25), as was her duty. For all of these reasons, this assertion of error is rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 17) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge